

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00383-CV

**IN THE INTEREST OF M.A.L.R.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01819
The Honorable Linda A. Rodriguez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  October 24, 2018

AFFIRMED

This is an appeal from a trial court's order terminating appellant's ("Father") parental rights to his child, M.A.L.R.  We affirm the order of termination.

On appeal, Father contends the evidence is legally and factually insufficient to support findings that Father's parental rights were not terminated based on circumstances set out in section 161.001(c) of the Texas Family Code ("the Code").  Father does not challenge the grounds upon which his parental rights were terminated, nor does he challenge the trial court's finding that termination was in the best interest of his child.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2017).  Rather, Father contends the Department was required to prove that termination of his parental rights is not based on evidence that he: (1) homeschooled a child; (2) is economically disadvantaged; (3) has been charged with a nonviolent misdemeanor offense other

than an offense under Titles 5 or 6 of the Texas Penal Code, or an offense involving family violence as defined by section 71.004 of the Code; (4) provided or administered low-THC cannabis to a child for whom the cannabis was prescribed under Chapter 169 of the Texas Occupations Code; or (5) declined immunization for a child for reasons of conscience, including a religious belief. *Id*. § 161.001(c). Father argues there was no evidence or insufficient evidence presented by the Department as to the matters set out in section 161.001(c).

We recently decided this very issue in *In the Interest of G.R.B.*, No. 04-18-00271-CV, 2018 WL 4903059 (Tex. App—San Antonio Oct. 10, 2018, no pet. h.). In that case, we held that section 161.001(c) is "inapplicable to suits filed before September 1, 2017." *Id*. at *2. Here, the Department filed its original petition on August 14, 2017. Thus, "section 161.001(c) is inapplicable to this matter and cannot serve as a basis for reversal of the trial court's termination order." *See id.* We therefore overrule Father's sole issue on appeal.

### CONCLUSION

Because section 161.001(c) does not apply to the instant case, we overrule his sole issue on appeal and affirm the trial court's order of termination.

Rebeca C. Martinez, Justice